UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDUARDO ROBLES MORALES<br>*Petitioner,*<br><br>v.<br><br>SARAI FERNANDEZ SALINAS<br>*Respondent* | §<br>§<br>§<br>§<br>§ Cause No. 22-cv-2182<br>§<br>§<br>§<br>§<br>§<br>§ |

**EDUARDO ROBLES MORALES' VERIFIED PETITION FOR RETURN OF
CHILD TO MEXICO AND FOR IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER**

**The Convention on the Civil Aspects of International Child Abduction, confected at the Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. §9001 *et seq.***

### I. Preamble

(1)     This Petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, confected at the Hague on October 25, 1980 (hereinafter referred to as the "Convention"), and implemented by Congress through the International Child Abduction Remedies Act (hereinafter "ICARA"). The Convention came into effect in the United States of America on July 1, 1988. Mexico is also a contracting state to the Convention.

(2)     The objects of the Convention are: (1) to secure the immediate return of a child wrongfully removed or wrongfully retained in any Contracting State;[1] and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.[2] The Convention is intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic Court. A Court considering

---

[1] Convention, Art. 1(a).
[2] Convention, Art. 1(b).

an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim under the Convention, not of any underlying custody dispute.[3]

## II. Jurisdiction

(3)     This Court has jurisdiction pursuant to 22 U.S.C. § 9003 because this case involves the removal and retention of a child under the age of sixteen from her habitual residence of Mexico to the United States of America.  Petitioner and MFRF currently reside within the geographic bounds of the United States District Court for the Southern District of Texas.[4]

## III. Status of Petitioner and Child

(4)     The Petitioner, Eduardo Robles Morales, is a Mexican citizen. Respondent, Sarai Fernandez Salinas, is a Mexican citizen. Petitioner and Respondent are the parents of daughter, MFRF, who was born in Tijuana, Baja California, on the 9th day of September, 2015.  MFRF is thus a citizen of Mexico.

(5)     Petitioner and Respondent have never been married. Petitioner, Respondent, and MFRF lived together from December 2019 until January 2020.  On January 25, 2020, Respondent took MFRF on a vacation to the United States to visit family in Pennsylvania.

(6)     Prior to Petitioner and MFRF's departure for the United States. Petitioner and Respondent agreed at the time that the plan for Respondent and MFRF was to return to Tijuana following the vacation. Petitioner was in contact with Respondent and their daughter throughout that initial time period.

(7)     Subsequent to Respondent and MFRF's departure to the United States for vacation, the Respondent decided to remain in the United States with MFRF.  Respondent advised Petitioner

---

[3] 22 U.S.C. § 9003(b)(4).
[4] *Abbott v. Abbott*, 560 U.S. 1, 9 (2010); *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 342 (5th Cir. 2004).

2

that (A) Respondent and MFRF would remain in the United States indefinitely, (B) that Petitioner should forget about his daughter, and (C) that Petitioner would have no further contact with MFRF.

(8) Petitioner and MFRF now reside within the geographic boundaries of the United States District Court for the Southern District of Texas and, more particularly, within the Houston Division of this Court. Despite multiple requests, Respondent has refused to return MFRF to Mexico and has refused Petitioner any contact with MFRF.

### IV. The Convention Applies to the Removal and Retention of Child in the United States of America

(9) The Convention applies to cases such as this, where a child under the age of sixteen (16) years has been removed from her habitual residence in breach of Petitioner's rights of custody, which Petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child.

### V. Habitual Residence of Child was Mexico

(10) MFRF was a habitual resident of Mexico at the time of her wrongful removal from Mexico. The term "habitual residence" is not defined in the Convention, which has led to courts in the United States to use varying approaches to determine a child's habitual residence. The inquiry into habitual residence is not based on a formula, but rather is a "fact-intensive determination that necessarily varies with the circumstances of each case."[5] The Fifth Circuit has adopted the approach used by a majority of the United States Circuit Courts, which is "an approach that begins with the parents' shared intent or settled purpose regarding their child's residence."[6] Under this approach, the test is "whether both parents intended for the child to abandon the

---

[5] *Larbie v. Larbie*, 690 F.3d 295, 310 (5th Cir. 2012) (citations omitted).
[6] *Id.* (citations omitted).

3

[habitual residence] left behind."[7] Without such shared intent, "prior habitual residence should be deemed supplanted only where 'the objective facts point unequivocally' to this conclusion."[8]

(11)  At the time of her removal, MFRF's habitual residence was Mexico. From the time MFRF was born until her removal by Respondent, MFRF had resided in Mexico and was completely settled and integrated in Mexican life and culture. Petitioner and Respondent have never shared the intention of MFRF abandoning her habitual residence of Mexico. Petitioner and Respondent never discussed nor agreed upon the long-term removal of MFRF from, or her retention outside of, Mexico. Petitioner has never acquiesced or consented to retention of MFRF outside of Mexico. Since MFRF's abduction, Petitioner has demanded that Respondent return MFRF to Mexico. Petitioner has also demanded to be allowed to contact his daughter, both requests were denied by Respondent. Thus, the habitual residence of Mexico cannot be deemed supplanted by the United States of America because there are no facts that point to the conclusion that both Petitioner and Respondent intended for MFRF to abandon her habitual residence of Mexico, which has been her habitual residence since birth. Therefore, the habitual residence of MFRF at the time of her removal and wrongful retention in the United States was Mexico.

### VI. Petitioner Had Rights of Custody to the Child

(12)  Petitioner had rights of custody with respect to MFRF at the time Respondent removed MFRF to the United States of America. The Convention defines "rights of custody" as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence."[9] When there is no formal custody agreement between parents, courts "must apply the laws of the country of the child's habitual residence to determine if the non-

---

[7] *Id*. at 310-11 (citations omitted).
[8] *Id*. at 311 (citations omitted).
[9] Convention, Art. 5

removing parent had 'rights of custody' within the meaning of the Convention."[10] Notice is given in this pleading that Petitioner is relying upon foreign law. Fed. R. Civ. P. 44.1.

(13) Under the Civil Code of Baja California, Petitioner had parental authority and responsibility, otherwise referred to as *patria potestas,* with respect to MFRF.[11] The Civil Code of

Baja California further states that, "as long as the child is under parental authority/responsibility *(patria potestas),* he or she shall not leave the residence of those who exert it without their permission."[12] A parent retains the rights of *patria potestas* unless such rights cease, terminate, are suspended or are waived as specified under the Civil Code of Baja California.[13] United States courts have recognized the rights of *patria potestas* as custody rights under Mexican law and the Convention.[14]

(14) Petitioner's rights of *patria potestas* are rights of custody under the Civil Code of Baja California and the Convention, and the rights of *patria potestas* includes Petitioner's right to give his permission before MFRF can leave his residence in Mexico. Petitioner never lost his rights of *patria potestas* as they did not cease, were not terminated, were not suspended nor were waived in the manner required under the Civil Code of Baja California. Petitioner's rights of *patria potestas* were violated when MFRF was indefinitely removed from Mexico on or around January 25, 2020. Such removal exceeded the scope of Respondent's request and Petitioner's permission

---

[10] *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 343 (5th Cir. 2004).
[11] See **Exhibit A**, Civil Code for the State of Baja California, Chapter I, Art. 411, Translation Provided.
[12] See **Exhibit A**, Civil Code for the State of Baja California, Chapter I, Art. 418, Translation Provided.
[13] See **Exhibit A**, Civil Code for the State of Baja California, Chapter III, Arts. 440-45, Translation Provided.
[14] *Whallon v. Lynn*, 230 F.3d 450, 456-59 (1st Cir. 2000); *Saldivar v. Rodela*, 879 F. Supp. 2d 610, 624-26 (W.D. Tex. 2012) (holding that rights of *pa potestas* are rights of custody under the Convention); *Avendano v. Smith*, 806 F. Supp. 2d 1149, 1173 (D.N.M. 2011) (holding that the rights of *patria potestas* are custody rights under the Mexican Federal Code and the Civil Code).

for a short vacation. Petitioner's rights continue to be violated during MFRF's wrongful retention in the United States of America.

### VII. Petitioner Was Exercising His Rights of Custody

(15)     Petitioner has demonstrated that he had rights of custody under Mexican law and the Convention, and thus he "need only make the final, and 'relatively easy,' showing that 'at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.'"[15] Courts "'liberally find' that rights of custody have been exercised unless evidence demonstrates 'acts that constitute clear and unequivocal abandonment of the child.'"[16]

(16)     Petitioner was exercising his rights of custody when Respondent wrongfully retained MFRF in the United States of America and would presently be exercising those custodial rights but for the wrongful retention of MFRF in the United States. Petitioner would provide support to and spend ample time with his daughter before Respondent wrongfully removed her to the United States. Even while Respondent was still asserting it was a mere vacation, Petitioner would audio and video call his daughter frequently. Petitioner has spent holidays and birthdays with MFRF prior to her wrongful retention in the United States. Petitioner has attempted to maintain contact with MFRF since Respondent has been wrongfully maintaining MFRF in the United States, but this contact was terminated by Respondent.  On August 27, 2020, Petitioner filed his Hague Application with authorities to try and secure the safe return of his daughter. As

---

[15] *Larbie v. Larbie*, 690 F.3d 295, 307 (5th Cir. 2012) (citations omitted).
[16] *Id. See also Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 344-45 (5th Cir. 2004) ("The only acceptable solution, in the absence of a ruling from a court in the country of habitual residence, is to liberally find 'exercise' whenever a parent with *de jure* custody rights keeps, or seeks to keep, any sort of regular contact with his or her child.")

of the date of this filing, Respondent continues to withhold the location of MFRF from Petitioner who only knows she is currently residing in Houston, Texas area.[17]

## VIII. Wrongful Retention of the Child Under the Convention

(17)   Respondent's retention of MFRF in the United States is wrongful under the Convention. Article 3 of the Convention provides that the removal or retention of a child is wrongful where (A) it is in breach of custody rights attributed to a person under the law of the State in which the child was habitually resident immediately before the removal or retention and (B) at the time of removal or retention, those custody rights were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention.

(18)   MFRF was a habitual resident of Mexico at the time Respondent removed MFRF to, and has since retained MFRF in, the United States of America. Petitioner had rights of custody pursuant to the rights of *patria potestas* under the Civil Code of Baja California at the time of MFRF's removal, and Petitioner was exercising those custody rights at the time of the removal of MFRF to the United States of America. Thus, Respondent's retention of MFRF in the United States of America since approximately January 25, 2020 has been wrongful under the Convention.[18]

## IX. Provisional Remedies[19]

(19)   Petitioner requests that the Court issue a Show Cause Order forthwith ordering the appearance of Respondent and the child before this Court on the first available date on the Court's calendar, and directing the United States Marshal Service to serve the Show Cause Order on Respondent forthwith, and immediately take into safe-keeping any passports, identity cards, visas,

---

[17] Address information is being furnished to undersigned counsel by the State Department for the sole purpose of effecting service of this Petition on Respondent.
[18] Convention, Art. 3; *Feder v. Evans-Feder*, 63 F.3d 217 (3d Cir. 1995).
[19] This Court "[i]n furtherance of the objectives of…the Convention…may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004.

and other travel documents for the minor child in her respective possession, custody, or control. Unless this Court takes immediate action to bring MFRF and Respondent before the Court, irreparable harm will occur. MFRF is being denied all proper access to her father and father's family and her culture and is being wrongfully detained in Texas. Unless a show cause order is issued, Petitioner will continue to have no proper contact whatsoever with his daughter, MFRF, and MFRF will continue to be deprived of contact with her father. Service of the Show Cause Order and pleading by the United States Marshal Service is necessary in this case to ensure that Respondent accepts service and does not flee from this Court's jurisdiction with the child.

(20)  Under the Section of ICARA titled "Provisional Remedies," 22 U.S.C. § 9004 provides that, in a proceeding under 22 U.S.C. § 9003(b) for the return of a child, "no court exercising jurisdiction ... may ... order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied."

(21)  In this case, the State law referred is that of Texas because MFRF is present within the State of Texas. In Texas, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") is the source for statutory law governing the resolution of both domestic and international child custody disputes.[20] Texas law addresses the appearance of the parties and the child in such cases in Tex. Fam. Code Ann. § 152.210, which authorizes this Court to order the appearance of the child and her custodian(s) together.[21]

(22)  Petitioner requests, for the well-being of MFRF, that he be given immediate access to MFRF pending further hearing in this Court.

---

[20] Tex. Fam. Code Ann. § 152.101.
[21] "In a child custody proceeding in the state, the court may order a party to the proceeding who is in this state to appear before the court in person with or without the child. The court may order any person who is in this state and who has physical custody or control of the child to appear in person with the child." Tex. Fam. Code Ann. § 152.210(a).

8

(23)　Additionally, pending further hearing in this Court, it is requested that this Court issue an immediate order prohibiting the removal of MFRF from the jurisdiction of this Court, taking into safe-keeping all of the child's travel documents and setting an expedited hearing on this Petition for Return of Child to Petitioner.

### XI. Notice of Hearing

(24)　Pursuant to 22 U.S.C. § 9003(c), Respondent will be given notice of any hearing in accordance with the applicable law governing notice in interstate child custody proceedings.

### XII. Attorney's Fees and Costs

(25)　Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 22 U.S.C. 9007, reserving jurisdiction over further expenses.

### XIII. Declaration Pursuant to Uniform Child Custody Jurisdiction and Enforcement Act

(26)　The available details regarding MFRF that are required to be provided under the UCCJEA are as follows:

(a)　Based on the child's last known address obtained from the U.S. Department of State, Bureau of Consular Affairs, upon information and belief, the child is currently located with Respondent at 5700 Thousand Oaks Circle, Apartment 2112, Houston, Texas, 77092.

(b)　Upon information and belief, the child has been located at the address stated above since the late Spring or early summer of 2020.

(c)　Petitioner Robles has not participated, as a party or witness or in any other capacity, in any other proceeding concerning the custody of or visitation with the child.

(d)   Petitioner Robles does not know of any proceeding that could affect the current proceeding, including proceedings for enforcement and proceedings relating to domestic violence, protective orders, termination of parental rights and adoptions.

(e)   Petitioner Robles does not know of any person or institution not a party to the proceeding who has physical custody of the child or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with, the child.

### X. Relief Requested

(27)   Congress does not mince words when it comes to international child abduction: "The international abduction or wrongful retention of children is harmful to their well-being. Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention."[22] Thus, in the ICARA, implementing the Convention, Congress sought to ensure quick and decisive action in cases of international abduction. The aim of these laws is the "prompt return of children who have been wrongfully removed or retained."[23] Article 11 of the Convention states that a petition for return of an abducted child such as this shall be determined expeditiously, <u>preferably within six weeks</u>. In light of the clear, express legislative and Convention language demanding swift resolution of this child abduction case, Petitioner implores the Court to act with all reasonable dispatch to resolve this matter.

**WHEREFORE,** Petitioner, respectfully requests the following relief:

(a)   the issuance of an immediate Order prohibiting the removal of the child from the jurisdiction of this Court;

(b)   an Order directing prompt return of the child to her habitual residence of

---

[22] 22 U.S.C. § 9001(a)(1)-(2).
[23] 22 U.S.C. § 9001(a)(4).

Mexico;

(c) the issuance of an Order directing that the child, together with Respondent, be brought before this Court by any United States Marshal, federal officer or police officer;

(d) an Order commanding Respondent to appear in this Court with the child to show cause why the child has been kept from his father in contravention of Mexico Law;

(e) an Order directing Respondent to pay Petitioner's legal costs, fees, and expenses, including transportation costs; and

(f) any such further relief as justice and its cause may require.

Respectfully submitted,

**WALKER WILCOX MATOUSEK LLP**

By: */s/ Stephanie Villagomez Lemoine*
Stephanie Villagomez Lemoine
State Bar No. 24053028
1001 McKinney Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 343-6502
Fax: (713) 343-6571
Email: slemoine@walkerwilcox.com

**ATTORNEY FOR PETITIONER**

## VERIFICATION

I, Eduardo Robles Morales, solemnly declare and affirm under the penalty of perjury under the laws of the United States of America, that the contents of the foregoing petition are true and correct to the best of any knowledge, information, and belief.

_____
EDUARDO ROBLES MORALES
Date: 06/14/22

Yo, Eduardo Robles Morales, declaro y afirmo solemnemente bajo pena de perjurio conforme a las leyes de los Estados Unidos de América, que el contenido de la petición anterior es verdadero y correcto según mi conocimiento, información y creencia.

_____
EDUARDO ROBLES MORALES
Fecha: 06/14/22